# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF
# GEORGIA

# ATLANTA DIVISION

# CASE NO.:

JENNIFER BAILEY, on behalf of
herself and all others similarly
situated

       Plaintiff,

vs.

SOUTHERN THERAPY SERVICES, INC.,

       Defendant.
_____/

# **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JENNIFER BAILEY, on behalf of herself and all others similarly situated, by and through counsel, hereby sets forth this Representative Action Complaint for Violation of the Fair Labor Standards Act ("FLSA") as follows:

## **NATURE OF THE COMPLAINT**

1. Plaintiff, JENNIFER BAILEY, brings this action against Defendant, SOUTHERN THERAPY SERVICES, INC. (Hereinafter "Defendant") for

1

unpaid overtime wages and related penalties. Plaintiff alleges that Defendant failed and/or refused to pay the proper overtime pay for time worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiff seeks declaratory relief, unpaid overtime pay, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

3. At all times relevant hereto, Defendant had an illegal and willful practice and policy under the FLSA of paying Plaintiff, a licensed physical therapist at both a fixed "fee basis" for certain completed individual tasks irrespective of actual worked and for other similar tasks, at an "hourly" basis based on the number of hours worked rather than the accomplishment of a given single task. Defendant had no guaranteed payment amount as required by FLSA's "salary basis" test and would routinely combine "fee basis"-based pay along with hourly pay without paying Plaintiff an overtime premium as required by the FLSA.  Said actions were done willfully and concealed within Defendant's pay structure to circumvent the overtime pay requirements of FLSA.

4. At all times relevant hereto, Defendant did not meet the FLSA's exception from overtime pay for professionals because Plaintiff was not "compensated on a salary or fee basis at a rate of not less than $455 or $684 (i.e. depending on whether the work was prior to or after January 1, 2020) per week as required by 29 C.F.R. § 541.300(a); [2] - 29 C.F.R. § 541.605(b) which did not authorize the employer to prospectively alter a fee based on the amount of time it took an employee to perform a specific work activity; [3]- Because the hourly fees varied based on the amount of time it took Plaintiff to complete certain activities which were not paid on a "fee basis," and violated 29 C.F.R. § 541.605(a), which provides that the "fee basis" satisfies the salary basis test if it was an agreed sum for a single job regardless of the time required for its completion.

5. At all times relevant hereto, in addition to the violations referenced above, Defendant had an illegal practice and policy under the FLSA of failing to pay Plaintiff for work related travel time, time spent at mandatory meetings and/or doing employer required paperwork after hours.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

7. The Northern District of Georgia has personal jurisdiction over Defendant because it is doing business in Georgia and in this judicial District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**A. Plaintiff**

**Named Plaintiff**

9. Plaintiff, JENNIFER BAILEY, is a resident of this judicial district. Defendant employed Plaintiff as a physical therapist from November 6, 2013 to the present.

10. At all relevant times, Plaintiff was an employee of Defendant for FLSA purposes.

**Defendant**

11. Defendant, SOUTHERN THERAPY SERVICES, INC. is a domestic for-profit corporation organized under the laws of the State of Georgia and conducts business in said state.

12. Upon information and belief, Defendant employed or employs

the Named Plaintiff and other similarly situated employees.

## FACTUAL BACKGROUND

13. Defendant failed or refused to pay Plaintiff the proper federal overtime pay for all hours worked in excess of 40 hours per week.

14. Management directed and/or was aware of employees not being properly compensated for all hours worked in excess of 40 hours per week and therefore willfully violated the FLSA.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. Plaintiff, JENNIFER BAILEY, and all other so similarly situated reallege and incorporate herein the allegations contained in Paragraphs 1 through 14 as if they were set forth fully herein.

16. At all relevant times, Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff who handled goods that had travelled in interstate "commerce." At all times, Defendant has had and continues to have gross operating revenues in excess of $500,000.00 per

annum.

17.   The FLSA requires each covered employer, such as Defendant, to compensate Plaintiff at the proper federal overtime rate and to further compensate her for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

18.   Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA and in fact worked overtime hours for which proper overtime premiums were not paid.

19.   As a result of Defendant's failure to compensate its employees, including Plaintiff JENNIFER BAILEY, at the federal overtime rate of pay for all hours worked in excess of 40 hours per week, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## PRAYER FOR RELIEF

20.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

21.   An award of damages, including liquidated damages, to be paid by Defendant;

22. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; Pre-Judgment and Post-Judgment interest, as provided by law; and

23. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER BAILEY, and all others so similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd, Suite 1224
Plantation, Florida 33322
Main Phone:  (954) 585-4878
Facsimile:    (954) 585-4886
E-Mail:       jloren@goldbergloren.com

_____
James M. Loren, Esquire
GA Bar No.: 551363