IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER BAILEY and LANA LUFT, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SOUTHERN THERAPY SERVICES, INC.,

    Defendant.

Civil Action No.
1:20-cv-02445-SDG

**OPINION AND ORDER**

This matter is before the Court on a motion for conditional certification by Plaintiffs Jennifer Bailey and Lana Luft [ECF 26]; a motion for leave to file an amended answer by Defendant Southern Therapy Services, Inc. (Southern) [ECF 33]; and a motion for leave to file a Second Amended Complaint by Plaintiffs [ECF 35]. For the following reasons, Plaintiffs' motion for leave is **GRANTED**. Accordingly, Southern's motion for leave and Plaintiffs' motion for conditional certification are **DENIED AS MOOT**.

**I.    BACKGROUND**

Plaintiffs initiated this action on June 8, 2020.[1] On June 24, Plaintiffs filed their First Amended Complaint, asserting a claim under the Fair Labor Standards

---

[1]    ECF 1.

Act, 29 U.S.C. § 201, *et seq.* (FLSA), against Southern.[2] Plaintiffs allege Southern violated the FLSA by failing to fully compensate them for the hours they worked in excess of 40 per week.[3] On August 11, Southern filed its Answer.[4] On November 10, Plaintiffs filed their motion for conditional certification.[5] On December 6, Southern filed a motion for leave to file an amended answer.[6] Three days later, Plaintiffs requested leave from the Court to file a Second Amended Complaint.[7]

## II.   DISCUSSION

Plaintiffs request leave to file a Second Amended Complaint that (1) adds Bo Hamil—Southern's President and CEO—as a named defendant and (2) substantially alters their factual allegations. After the time for amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the Court "should freely give leave when justice so requires"—*id.*—it may deny leave:

---

[2]   ECF 5.

[3]   *See generally id.*

[4]   ECF 11.

[5]   ECF 26.

[6]   ECF 33.

[7]   ECF 35.

> [W]here there is substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.

*Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets and punctuation omitted). *See also Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992).

When a motion to amend is filed after the deadline established in a scheduling order, the movant must demonstrate good cause under Rule 16(b) before the Court may consider Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). *See also* Fed. R. Civ. P. 16(b)(4). To consider only Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. Notwithstanding, the ultimate decision of whether to grant leave to amend remains committed to the Court's discretion. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989).

Given the history of this case, it is unclear if Plaintiffs must first establish good cause for amendment under Rule 16(b). The September 14, 2020 Scheduling Order adopted the deadline for amending the pleadings articulated in the Federal Rules of Civil Procedure and Local Rules of this Court. Local Rule 7.1(A)(2)

requires a movant to file a motion to amend the pleadings within 30 days after the beginning of discovery. LR 7.1(A)(2), NDGa. Generally, the discovery period commences "thirty days after the appearance of the first defendant by answer to the complaint." LR 26.2(A), NDGa. But the September 14, 2020 Scheduling Order adopted the parties' mutual agreement that the parties "shall have eight (8) months to complete discovery once [the Court] rules on Plaintiffs' Motion for Conditional Certification."[8] At that time, Plaintiffs had not filed such a motion. On November 9, the Court amended the Scheduling Order to provide that discovery would close on May 14, 2021, regardless of the pendency of any motion. The next day, Plaintiffs filed their motion for conditional certification, which remains pending.

    The Court finds that, at the latest, the discovery period commenced no later than October 9, 2020. Plaintiffs did not file their motion for leave to amend until December 8—approximately two months later. This indicates that Rule 16(b) is applicable. Nonetheless, the Court finds that Plaintiffs have met their burden. According to Plaintiffs, they believed their claims to be well-pleaded at all times prior to filing their motion for conditional certification. They now seek amendment

---

8    ECF 17.

based on information obtained in discovery to cure perceived deficiencies raised by Southern's response in opposition to that motion. Given the early stage of this litigation and the particular procedural history of the case, the Court finds this is enough to establish good cause. Likewise, based on the parties' arguments, the Court does not find that Plaintiffs' proposed amendments are futile or prejudicial. Although Southern argues Hamil should not be a party to this litigation, the Court finds insufficient reason to deny leave to amend on this basis. If Hamil believes his inclusion in this matter is improper, he may raise that argument in a separate, dispositive motion.

## III.   CONCLUSION

Plaintiffs' motion for leave to file a Second Amended Complaint [ECF 35] is **GRANTED**. Plaintiffs are **DIRECTED** to file the Second Amended Complaint on the docket in substantially the same form as the version attached to its motion for leave. Plaintiffs' motion for conditional certification [ECF 26] and Southern's motion for leave [ECF 33] are **DENIED AS MOOT**. Plaintiffs must refile their

motion for conditional certification, if any, within fourteen days after all Defendants file an Answer.

**SO ORDERED** this the 28th day of April 2021.

                                                  Steven D. Grimberg
                                    United States District Court Judge