### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

### CASE NO.: 1:20-cv-02445-SDG

JENNIFER BAILEY and LANA LUFT,

       Plaintiffs,

vs.

SOUTHERN THERAPY SERVICES, INC.
AND BO HAMIL,

       Defendants.

_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF JUDGMENT DISMISSING CASE, WITH PREJUDICE

Plaintiffs, JENNIFER BAILEY and LANA LUFT ("Plaintiffs") and Defendants, SOUTHERN THERAPY SERVICES, INC. and Bo Hamil ("Defendants") (hereinafter collectively referred to as the "Parties"), by and through their undersigned counsel and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and hereby move this Court for an Order approving the Settlement Agreement reached between the parties and entering a stipulation of judgment dismissing this case, with prejudice. The Parties further jointly request that the Court approve this Agreement under the Fair Labor Standards Act. ("FLSA"). 29 U.S.C.

§ 216 *et. seq*. A copy of Plaintiffs' Settlement Agreement and General Release are attached hereto as *Exhibit B*. The parties respectfully request Court approval of the Settlement Agreement based upon the following grounds. *See* 29 U.S.C. § 216(c); *see also Lynn's Food Stores v. United Sates,* 679 F.2d 1350, 1351 (11th Cir. 1982).

## I.

## <u>BACKGROUND</u>

In this action, Plaintiffs Bailey and Luft alleged violations of the Fair Labor Standards Act ("FLSA"). Bailey was employed by Southern Therapy as a physical therapist, and Luft was employed by Southern Therapy as an assistant physical therapist. Plaintiff Bailey alleged that the "Professional" exemption upon which Defendant relied upon failed as she was not paid on a "Salary Basis" in order for Defendants to avail themselves of the "Professional" exemption under the FLSA. Plaintiff Luft alleges that Defendants simply paid her in a manner so as to avoid their overtime obligations under the FLSA. Plaintiffs thus brought this action alleging a violation of the FLSA and seeking unpaid overtime compensation and liquidated damages. Defendants denied any liability or wrongdoing and disputed that liquidated damages were appropriate, and Plaintiffs maintained their allegations. The parties engaged in written discovery and ascertained the strengths and weaknesses of each other's respective positions.[1]  On May 31, 2022, the parties

---

[1] Although time records were maintained, because of the complexities associated

mediated this matter before Tanya Tate, an employment attorney/mediator. In order to avoid continued costs and the uncertainty of litigation, and to wrap-up all remaining issues, the parties have negotiated a fair and reasonable settlement in this matter.

## **ARGUMENT**

### A.  **Legal Standard**

In considering the parties' Motion, the Court is required to "determine that a settlement proposed by an employer and employee, in a suit brought by the employee under the FLSA, is a fair and reasonable resolution of a bona fide dispute over an FLSA provision."  *Lynn's Food Stores*, 679 F.2d at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). "[T]he district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)). Accordingly, the Parties are submitting a copy of the Settlement

with the manner in which Plaintiffs worked, and the difficulty of determining the exact number of hours worked week to week, assumptions were made in order to arrive at a fair and reasonable amount.

Agreement agreed-upon and executed by the Parties for the Court's review and approval. A proposed Order approving the Agreement and dismissing this lawsuit with prejudice is also attached hereto as Exhibit A.

When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In weighing these factors, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Id.* at 1146 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B.   The Parties' Settlement Agreement Should Be Approved**

   **1.      The FLSA Settlement Amount**

Plaintiffs allege they were not paid for overtime hours worked as required by the FLSA. Defendants maintain that Plaintiffs were properly compensated pursuant to the FLSA.

There is no evidence of fraud or collusion in the settlement. All negotiations regarding settlement have taken place at arms-length on the basis of bona fide legal

arguments and factual allegations. Based upon the relative strengths of these legal positions and factual allegations, the parties believe the settlement to be objectively fair and reasonable from the perspective of all Parties. The Plaintiffs' damages and attorney's fees and costs were negotiated separately. As a result of the settlement, the Parties agreed as follows:

(1)    Defendants will pay Jennifer Bailey $36,000.00 representing overtime W-2 wages and liquidated damages[2] .

(2)     Defendants will pay Lana Luft $6,000.00 representing overtime W-2 wages and liquidated damages .

(3)    Defendants will pay Goldberg & Loren, P.A. $28,000.00 (Fees - $27,050.00, Costs - $950.00) representing  attorney's fees and costs.

(4)    Defendants shall also pay all costs of mediation.

(5)    Plaintiffs will execute a full general release of any and all claims they may have against Defendants, their employees, officers, heirs, representatives, assigns, agents, owners, etc.

(6)    The Parties' Settlement Agreement shall also include certain other terms agreed-upon by the parties.

---

[2] Defendants dispute that liquidated damages are appropriate, but agreed to characterize part of Bailey and Luft's payments as liquidated damages for purposes of settlement.

Plaintiffs' attorneys' fees have been based on a rate of $425 per hour, which is standard and customary for an attorney in the Atlanta, Georgia area who has been practicing in the area of employment law for 27 years.

The payments to Plaintiffs are directly proportionate to the alleged hours worked for Defendants. Thus, there is very little, if any, incentive for Plaintiffs to proceed to trial in this case, especially in light of the risks associated with trial and the defenses being asserted by Defendants. Analysis of "the amount of the settlement in relation to the potential recovery" weighs heavily in favor of the Court approving the settlement.

Counsel for both parties are experienced attorneys who practice in this area of law, and they represent that this settlement is a fair and reasonable compromise of Plaintiffs' claims in this case. Although Plaintiffs believe the claims asserted in this case have merit, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendants through trial and, if they were successful, through possible appeals. In addition, Plaintiffs also recognize and acknowledge the uncertain outcome and risk of any litigation, the difficulties and delays inherent in such litigation, and the likelihood of protracted appellate review. As a consequence, Plaintiffs and their counsel believe that the settlement reached confers benefit upon Plaintiffs commensurate

to the risk of litigation, and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interest of Plaintiffs.

Similarly, although Defendants and its counsel believe the claims asserted in this action lack merit and that Defendants have no liability, Defendants nonetheless believe that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to Defendants' best interests.

Both parties further agree that the legal fees awarded to Plaintiffs' attorney in the Settlement Agreement are fair and reasonable. "The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In calculating an award of attorneys' fees, the Court must use the lodestar method and determine the number of hours reasonably expended on a case multiplied by a reasonable hourly rate. *See Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1264 (M.D. Fla. 2008). The Settlement Agreement provides that Defendants will pay to Plaintiffs' counsel $27,050 (78.4%) of the time incurred (amounting to $34,500) by Plaintiffs' counsel for the attorneys' legal work related to their claims. Such amount was agreed to separately and without regard to the amount settled-upon for Plaintiff's FLSA claim. Counsel aver that there is no

reason to believe Plaintiffs' recovery was adversely affected by the amount of attorneys' fees agreed upon by the parties and the proposed award of attorneys' fees and costs in this case is objectively fair and reasonable.

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court approve the Settlement Agreement in this matter, which was reached at arms-length and has been voluntarily executed by all Parties. The Parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order in the form of the Agreed Order attached hereto as *Exhibit A*, dismissing this action with prejudice.

Respectfully submitted this 22nd day of June, 2022.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| /s/ James M. Loren<br>JAMES M. LOREN<br>GA Bar No. 551363<br>Law Offices of Goldberg & Loren, PA<br>1776 N. Pine Island Rd., Suite 224<br>Plantation, FL 33322<br>t) 800-719-1617<br>f) 888-272-8822 | /s/ Elizabeth M. Newton<br>Elizabeth M. Newton<br>GA Bar No. 975191<br>Kristina Griffin<br>GA Bar No. 808069<br>Warren R. Hall Jr.<br>GA Bar No. 319405<br>Hall, Gilligan, Roberts & Shanlever LLP<br>3340 Peachtree Road NE, Suite 1900<br>Atlanta, GA 30329<br>t) 404-442-8776<br>f) 404-537-5555 |

## CERTIFICATE OF COMPLIANCE

THE UNDERSIGNED hereby certifies pursuant to Local Rule 7.1(D) that the foregoing complies with the font requirement of Local Rule 5.1(B) for the United States District Court for the Northern District of Georgia.

/s/ James M. Loren

James M. Loren, Esquire
Law Offices of Goldberg & Loren, P.A.
GA Bar No.: 551363

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on June 22, 2022 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

## SERVICE LIST

Warren R. Hall Jr.
whall@hgrslaw.com
Elizabeth M. Newton
enewton@hgrslaw.com
Kristina K. Griffin
kgriffin@hgrslaw.com
HALL, GILLIGAN, ROBERTS & SHANLEVER LLP
3340 Peachtree Road, Suite 1900
Atlanta, Georgia 30326
Telephone: (404) 442-8776
Facsimile: (404) 537-5555
*Counsel for Defendants Southern Therapy Services, Inc*

By: */s/ James M. Loren*
    James M. Loren
    Counsel for Plaintiffs

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") is made and entered into by and between Jennifer Bailey and Lana Luft (collectively "Plaintiffs") on the one hand, and on the other hand Southern Therapy Services, Inc. ("Southern Therapy") and Bo Hamil ("Hamil") (collectively "Defendants").  Collectively, the Plaintiffs and Defendants are the Parties.

WHEREAS, Plaintiff Bailey filed the original Complaint against Defendant Southern Therapy in the United States District Court for the Northern District of Georgia ("Court"), Civil Action No. 1:20-cv-02445-SDG, on June 8, 2020 (hereinafter the "Lawsuit");

WHERAS, Plaintiffs Bailey and Luft filed the First Amended Complaint against Defendant Southern Therapy on June 24, 2020;

WHEREAS, Plaintiffs Bailey and Luft filed the Second Amended Complaint against Defendants Southern Therapy and Bo Hamil on May 6, 2021;

WHEREAS, Plaintiffs pleaded in the original Complaint claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, as amended (the "FLSA");

WHEREAS, Defendants dispute and deny Plaintiffs' allegations in their entirety;

WHEREAS, a bona fide dispute exists between the Parties as to Plaintiffs' allegations;

WHEREAS, the Parties desire to fully settle this dispute and any and all other claims, complaints, or causes of action which Plaintiffs now have, have ever had, or may hereafter claim to have had against Defendants or any of the Released Parties (as defined in Section 1 below) in order to avoid the uncertainty of litigation and the attendant inconvenience and expenses;

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, Plaintiffs and Defendants agree as follows:

1.  **No Admission.**  Plaintiffs recognize and acknowledge that this Agreement does not constitute and shall not be construed as an admission by any of the Released Parties of a violation of any law, regulation, contract, or other legal right, including but not limited to any right under the FLSA including the applicability of liquidated damages. The Released Parties do not admit, and in fact specifically deny, any wrongdoing, liability, or culpability arising out of, related to, or connected with Plaintiffs' employment with any of the Defendants.

For purposes of this Agreement, the "Released Parties" shall mean: (a) Southern Therapy; (b) Hamil; (c) any parent, subsidiary, affiliate, successor, assign, owner, shareholder, partner, joint venturer, director, officer, employee, agent, representative, attorney, or insurer of Southern Therapy; and (d) any heirs, administrators, executors, or assigns of Hamil.

Exhibit "A"

2.      **Execution by All Plaintiffs and Necessity of Court Approval.** Upon the execution of this Agreement by all of the Plaintiffs, the Parties shall seek the Court's approval of the terms of this Agreement and dismissal with prejudice of all Plaintiffs' claims via joint motion.

In the event that one or more of the Plaintiffs fail or refuse to execute this Agreement within twenty (20) days of the Agreement being presented to Plaintiffs' Counsel as ready for execution, this Agreement shall be null and void. In the event that less than all Plaintiffs execute the Agreement, the Parties shall use reasonable efforts in good faith to negotiate a revised settlement agreement.

The payment obligations of the Agreement shall not become binding on Defendants until the date on which the Court issues an order approving the Agreement and dismisses the Lawsuit with prejudice as to all Parties who are signatories to the Agreement. Should the Court not approve of the Agreement in its entirety for any reason, this Agreement shall be deemed null and void and shall have no effect whatsoever, notwithstanding the Parties' execution of the same. The Parties agree to work cooperatively and in good faith to address and resolve any concerns or disputes that may arise between the Parties in taking steps to secure the Court's approval of this Agreement.

3.      **Consideration.** Southern Therapy agrees to pay the total gross sum of **$70,000.00** (the "Settlement Payment") in consideration for Plaintiffs' dismissal of the Lawsuit with prejudice and Plaintiffs' promises, covenants, and agreements set forth in this Agreement, including the general release of claims set forth in Section 7, which includes a general release of all Defendants and all Released Parties. Fifty percent (50%) of the Settlement Payment shall be due ten (10) days after the date the Court issues an order approving the Agreement and dismissing the Lawsuit with prejudice (the "First Settlement Payment"), and the remaining fifty percent (50%) of the Settlement Payment shall be due ninety (90) days after the date of the First Payment (the "Second Settlement Payment").

The First and Second Settlement Payments shall be delivered to Plaintiffs' Counsel (James Loren, Law Offices of Goldberg & Loren, P.A., 1776 N. Pine Island Road, Suite 224, Plantation, Florida 33322) and allocated as follows:

    i.    The First Settlement Payment of $35,000.00 shall be allocated as follows:

        1.    A payment to Plaintiff Bailey in the amount of **$18,000.00**, which shall be deemed wages subject to withholding obligations and reported on a Form W-2.

        2.    A payment to Plaintiff Luft in the amount of **$3,000.00**, which shall be deemed wages subject to withholding obligations and reported on a Form W-2.

        3.    A payment to Plaintiffs' Counsel in the amount of **$14,000.00**, allocated as Plaintiffs' attorneys' fees, expenses, and costs. This amount shall include all fees, expenses, and costs incurred by James Loren and any other representative, attorney, or person who has performed work on behalf of Plaintiffs relating to their claims in the Lawsuit. For this payment,

Plaintiffs' Counsel shall provide to Southern Therapy a current form W-9 and thereafter Southern Therapy will issue to Plaintiffs' Counsel an IRS Form 1099 reflecting the payment to Plaintiffs' Counsel.

ii.    The Second Settlement Payment of $35,000.00 shall be allocated as follows:

1.    A payment to Plaintiff Bailey in the amount of **$18,000.00**, which shall be deemed as liquidated damages and reported on a Form 1099.

2.    A payment to Plaintiff Luft in the amount of **$3,000.00**, which shall be deemed as liquidated damages and reported on a Form 1099.

3.    A payment to Plaintiffs' Counsel in the amount of **$14,000.00**, allocated as Plaintiffs' attorneys' fees, expenses, and costs. This amount shall include all fees, expenses, and costs incurred by James Loren and any other representative, attorney, or person who has performed work on behalf of Plaintiffs relating to their claims in the Lawsuit. For this payment, Plaintiffs' Counsel shall provide to Southern Therapy a current form W-9 and thereafter Southern Therapy will issue to Plaintiffs' Counsel an IRS Form 1099 reflecting the payment to Plaintiffs' Counsel.

Each Plaintiff agrees that she has had an opportunity to raise any and all claims she has against Defendants in this action, including any claim that she is owed wages, overtime wages, liquidated damages, interest and/or any other penalties or damages under any applicable law, including but not limited to the FLSA. Each Plaintiff acknowledges that the Settlement Payment received by her constitutes full and complete relief for all wages and overtime she is owed for work performed through the date she executes this Agreement. Each Plaintiff agrees that the payments described herein fully compensate her for all purposes with respect to any work performed for or at the direction of any of the Defendants or Released Parties through the date she executes this Agreement.

Plaintiffs further agree that neither they nor their attorneys are due or will make any further claim for additional compensation, attorneys' fees, costs, or damages against the Released Parties relating to any of the claims released by this Agreement.

Plaintiffs and Plaintiffs' Counsel shall not be entitled to receive, and Defendants shall not be obligated to pay, any portion of the Settlement Payment until ten (10) days following the date by which all of the following have occurred: (i) each of the Plaintiffs has executed this Agreement; (ii) each of the Plaintiffs has returned an executed copy of this Agreement to Plaintiffs' Counsel, and Plaintiff's Counsel has provided such copies to counsel for Southern Therapy and Hamil (Elizabeth Newton at the law firm of Hall, Gilligan, Roberts & Shanlever, LLP, 3340 Peachtree Road, N.E., Suite 1900, Atlanta, Georgia 30326, enewton@hgrslaw.com); (iii) Plaintiffs' Counsel has provided a completed W-9 form to counsel for Southern Therapy; (iv) this Agreement has not become null and void or been revoked or rescinded pursuant to the terms of this Agreement; (v) the Parties have filed with the Court a Joint Motion to Approve Settlement and Dismiss with Prejudice in a form satisfactory to Defendants; (vi) the Court grants the Parties' Joint Motion to

Approve Settlement and Dismiss with Prejudice; and (vii) the Lawsuit, and all claims by all of the Plaintiffs, has been dismissed by the Court with prejudice.

4.     **Taxes.** Plaintiffs shall indemnify Southern Therapy and the Released Parties and hold them harmless for any tax liability (including any penalties and/or attorneys' fees) resulting from the Settlement Payment.

5.     **No Assignment.**  Plaintiffs each individually represent, covenant, and warrant that no portion of any liability, claim, demand, action, cause of action or rights released in this Agreement have been directly or indirectly assigned, transferred, or encumbered. Plaintiffs further each individually represent, covenant, and warrant that no person, firm, or other entity has asserted, currently asserts, or to Plaintiffs' knowledge will assert, a lien or claim of lien with respect to any payment made pursuant to this Agreement.

6.     **Other Pending Claims.** Each Plaintiff warrants and represents that other than the Lawsuit, she has no outstanding claims, charges, or grievances against any of the Released Parties as of the date that she executes this Agreement.

7.     **General Release of Claims by Plaintiffs.** In consideration for this Agreement, each Plaintiff, for herself and her successors and assigns, hereby settles, waives, releases, and discharges the Released Parties from any and all claims, lawsuits, complaints, demands, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, rights, entitlements, costs, losses, debts, and expenses (including attorneys' fees and legal expenses) of any nature whatsoever, known or unknown, which she now has, has ever had, or may hereafter claim to have had against any of the Released Parties arising out of, connected to, or relating in any way to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred on or before of the date that she executes this Agreement.

This General Release and Waiver is a knowing and voluntary waiver and release of all claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. §§ 1981; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,; and the Equal Pay Act, 29 U.S.C. §§ 201 *et seq.*, all as amended, as applicable; claims pursuant to or derived from the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*; and any and all claims under any federal or state laws pertaining to employment, employment compensation, or employment benefits; personal injury; injury to reputation; injury to property; intentional torts; negligence; wrongful termination; constructive discharge; retaliation; discrimination; harassment; breach of contract; quantum meruit; unjust enrichment; any and all claims based on "public policy;" and any and all claims for recovery of lost wages, overtime, back pay, stock options, fringe benefits, pension benefits, liquidated damages, front pay, compensatory and/or punitive damages, attorneys' fees, costs, injunctive or equitable relief, or any other form of relief; and any and all other claims of any kind based on any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law, or other theory arising out of, connected to, or relating in any way to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred, for each Plaintiff, on or before of the date that she executes

this Agreement. The statutes and theories listed in this section are examples only, and this list is not exhaustive nor shall it be construed to limit in any way the scope of claims released by Plaintiffs in this Agreement. Plaintiffs expressly acknowledges that this Agreement may be pled as a complete defense and will bar all claims by each Plaintiff that were or could have been pled in the Lawsuit and all claims of any nature against the Released Parties, known or unknown.

Notwithstanding the foregoing, Plaintiffs and Defendants agree that this General Release and Waiver does not release claims that may not be released as a matter of law, including claims that may arise, for each Plaintiff, after the date that she executes this Agreement. Moreover, nothing in this Agreement prevents any Plaintiff from filing a charge or complaint with, or from participating in an investigation or proceeding conducted by, any federal, state, or local agency charged with the enforcement of any laws, although by signing this Agreement, Plaintiffs are waiving their right to individual relief based on claims asserted in such a charge or complaint.

8.      **Non-Participation.** Plaintiffs agree not to sue, arbitrate, or to authorize anyone else to file claims in a lawsuit or arbitration on their behalf against the Released Parties related to the claims released in this Agreement. Plaintiffs also agree to opt out of any class action and not to become a member of any collective action against any of the Released Parties asserting any claims released in this Agreement. Plaintiffs agree they will not engage in or assist in any litigation against the Released Parties, except as compelled by order of a court or as necessary to participate in an investigation or proceeding conducted by the EEOC or other governmental agency.

9.      **Limited Non-Disclosure.** Plaintiffs each agree to keep confidential and not disclose the existence, terms, or conditions of this Agreement to any other persons or entities, except as specifically provided herein and permitted by the Court.  Plaintiffs may disclose the terms of this Agreement as part of the Parties' submission of a Joint Motion to Approve Settlement and Dismiss with Prejudice to the Court and the Court's ruling on said joint motion. Plaintiffs may also disclose the terms of this Agreement to: (1) her spouse and (2) any licensed and professional accountants or attorneys to whom disclosure is reasonably necessary for the obtaining of tax or legal advice or the preparation of tax returns.  Upon inquiry regarding the resolution of the Lawsuit, the Parties shall state only that the matter has been resolved.

10.     **Mutual Non-Disparagement.**  Plaintiffs agree not to make false or disparaging statements, oral or written, about Southern Therapy or any of its affiliates to any third party, including via any social media forum.  Hamil agrees not to make false or disparaging statements, oral or written, about Plaintiffs to any third party, including via any social media forum.  Southern Therapy agrees to instruct Hamil, Chris Hamil, Sherri Evans, Laura Hagan, and Shirley Hamil not to make false or disparaging statements, oral or written, about Plaintiffs to any third party, including via any social media forum.  Nothing in this Section 10 prevents the Parties from making truthful statements when compelled by law, during any governmental investigation, or when reporting potential violations of law, regulations, or professional rules or during any related investigations or proceedings.

11.     **Neutral Reference.**  To the extent Plaintiffs seek an employment reference from Southern Therapy, such reference request should be directed to Southern Therapy's Practice Manager, who will provide only employment dates and title of last position held.

12.    **No Future Employment.**  Plaintiffs each agree not to seek future employment with Southern Therapy or any of its affiliates. Plaintiffs each further agree that pursuant to this Agreement, Southern Therapy and its affiliates may lawfully refuse to offer employment or engagement as a contractor to her from the date of this Agreement forward.  The Parties agree that this is a negotiated non-retaliatory term of the Agreement.

13.    **Binding and Irrevocable Upon Execution.**  Other than as provided above in Section 2, each Plaintiff acknowledges and agrees that this Agreement shall be binding against her and irrevocable by her upon execution of the Agreement by her.

14.    **Complete Relief.** Plaintiffs each expressly acknowledge that, upon receipt of the portions of the Settlement Payment directed to her, she will have received all compensation she contends she is owed for any work she claims to have performed for any of the Defendants through the date she executes this Agreement.

15.    **Enforcement.** In the event that one of the Parties seeks to enforce the provisions of this Agreement or to declare rights and/or obligations against any other party under this Agreement through any legal action, arbitration, or other proceeding, the successful party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

16.    **Duty of Cooperation in Obtaining Court Approval.** The Parties agree to cooperate in obtaining expeditious final approval of this Agreement and dismissal of the Lawsuit with prejudice. The Parties will file with the Court a Proposed Order and Joint Motion to Approve Settlement and Dismiss with Prejudice with the Court. The Proposed Order will adjudge the terms of this Agreement to be fair, reasonable, and adequate, and shall provide for the dismissal of the Lawsuit and all claims on the merits, with prejudice, in accordance with the terms of this Agreement.

17.    **Entire Agreement.** This Agreement constitutes and contains the entire agreement and understanding between the Plaintiffs and Defendants and supersedes all prior negotiations and agreements between them concerning the same subject matter, whether written or oral.

18.    **Construction.**  Plaintiffs and Defendants agree that the terms and conditions of this Agreement are the result of arms-length negotiations between them and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or the party's counsel participated in the drafting of this Agreement.

19.    **Modification and Waiver.** Plaintiffs and Defendants agree that this Agreement may not be modified except by written agreement signed by the affected party and with approval by the Court. The Parties agree that the failure by a party to enforce any right or privilege under this Agreement shall not be deemed to constitute a waiver of any rights or privileges set forth herein.

20. **Binding on Assigns.** The benefits and obligations under this Agreement shall be binding upon, or inure to the benefit of, each party's heirs, trustees, executors, administrators, successors, and assigns.

21. **Counterparts.** This Agreement may be executed in counterparts, and, when taken together with other signed counterparts, will constitute one Agreement. For purposes of executing this Agreement, the Parties may execute and exchange signatures page by facsimile, electronic mail (via pdf), or by other such electronic signatures, such as DocuSign or similar electronic signing software, all of which shall be deemed to be originals and effective as manual delivery.

22. **Governing Law.** Except to the extent governed by federal law, this Agreement will be governed by the statutes and common law of Georgia, excluding any law that mandates the use of another jurisdiction's laws.

23. **Severability**. The Parties agree that the covenants of this Agreement are severable and that if any clause is deemed unlawful or unenforceable, the entire Agreement shall not fail but shall be construed and enforced to the fullest extent permitted by law after modification or deletion of the unenforceable clause.

24. **Voluntary and Knowing.** This Agreement is executed voluntarily and without any duress or undue influence by each party on his/her/its own behalf.

**By signing this Agreement, each Plaintiff acknowledges and warrants that:**

(a) **She has carefully read and fully understands every provision of this Agreement, including, without limitation, the release of all claims listed in Section 7 above;**

(b) **She understands that upon her execution of this Agreement and the Court's approval of the Parties' settlement, the Lawsuit filed in the U.S. District Court for the Northern District of Georgia and all of her claims will be dismissed with prejudice and she cannot refile her claims in any court or any arbitration;**

(c) **She has been advised to consult with an attorney, and she has consulted with the attorney representing her before deciding to sign this Agreement;**

(d) **She accepts this Agreement knowingly and voluntarily, and she was not intimidated, coerced, or pressured to sign it; and**

(e) **This Agreement is fully binding and irrevocable for each Plaintiff upon execution by each Plaintiff, subject to the revocation terms set forth at Section 2 of this Agreement.**

[Signature block next page]

7 of 8

**IT IS HEREBY AGREED:**

Jennifer Bailey (Jun 16, 2022 18:27 EDT)

06/16/2022

_____        _____
Jennifer Bailey                 Date

Lana Luft (Jun 16, 2022 14:19 EDT)

06/16/2022

_____        _____
Lana Luft                       Date

Bo Hamil
Bo Hamil (Jun 17, 2022 14:59 EDT)

Jun 17, 2022

_____        _____
Bo Hamil                        Date

**On behalf of Southern Therapy Services, Inc.**

Bo Hamil
Bo Hamil (Jun 17, 2022 14:59 EDT)

Jun 17, 2022

_____        _____
By:                             Date

Bo Hamil
_____

Title:

President /CEO
_____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

**CASE NO.: 1:20-cv-02445-SDG**

JENNIFER BAILEY and LANA LUFT,

        Plaintiffs,

vs.

SOUTHERN THERAPY SERVICES, INC.
AND BO HAMIL,

        Defendants.

_____/

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AND STIPULATION OF JUDGMENT DISMISSING**
**CASE, WITH PREJUDICE**

THIS CAUSE came before the Court upon the Parties' joint motion to review and approve an FLSA settlement and dismiss this action with prejudice with respect to Plaintiffs Jennifer Bailey and Lana Luft. The parties have sought the Court's approval of their settlement. See *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the Parties' settlement and is otherwise fully advised, and it is hereby:

ORDERED and ADJUDGED that the Parties' settlement is APPROVED and

Exhibit "B"

the claims of PLAINTIFFS are DISMISSED WITH PREJUDICE. Notwithstanding the dismissal of this action with prejudice, Plaintiffs may file a Motion to Reopen within 120 days of this Order to enforce the terms of the Settlement Agreement, if needed.

**SO ORDERED** this _____ day of June 2022.

_____
Steven D. Grimberg
U.S. District Court Judge

cc: All counsel of record